FILED
2014 Apr-28  PM 12:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **FORSTMAN & CUTCHEN, LLP, on behalf of itself and all other entities and persons similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Civil Action No. 2:13-cv-2206-AKK** |
| **CASE FUNDING INC., et al.,** | ) ) | |
| **Defendants.** | ) | |

## STIPULATION OF SETTLEMENT

WHEREAS, Forstman & Cutchen, LLP (hereinafter referred to as "Plaintiff") is an Alabama limited liability partnership in Birmingham, Alabama, and the Plaintiff brought the above-styled action (the "Lawsuit") as a putative class action (under Federal Rule of Civil Procedure 23) on its own behalf and on behalf of others similarly situated;

WHEREAS, Defendant in the Lawsuit is Case Funding Inc. (hereafter "Case Funding" or the "Defendant");

WHEREAS, the Plaintiff is represented by Samuel M. Hill of The Law Offices of Sam Hill, LLC;

1

WHEREAS, there are more than fifty members of the Settlement Class; the claims of the Plaintiff are typical of the members of the Settlement Class; the Plaintiff is a fair and adequate representative of the Settlement Class;

WHEREAS, Samuel M. Hill is competent and capable of representing the interests of the Settlement Class;

WHEREAS, this Lawsuit contains allegations, among other things, that Defendant sent facsimile(s) with allegedly non-compliant opt-out notices under the TCPA from December 15, 2011 through November 6, 2013.

WHEREAS, Defendant has denied all allegations of wrongdoing and asserts that its actions have been lawful and proper in all respects. Nevertheless, Defendant considers it desirable that this Lawsuit and all of the Plaintiff's claims and the claims of the Settlement Class be resolved upon the terms and conditions set forth in this Stipulation of Settlement in order to avoid further expense and burdensome and protracted litigation, and to put to rest and to purchase their peace forever, from all claims relating to all claims that have been, or might have been, asserted by the Plaintiff, or any member of the Settlement Class it purports to represent, arising out of or related to Plaintiff's claims;

WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made against the Defendant;

2

WHEREAS, Class Counsel has conducted an investigation and discovery into the facts and law relating to this Lawsuit and has conducted informal discovery and examined documents. In evaluating the settlement outlined in this Stipulation of Settlement, Class Counsel considered the expense and length of time necessary to prosecute the Lawsuit through trial, the fact that resolution, whenever and however determined, of Plaintiff's claims and the claims of the Settlement Class may be submitted for appellate review, the financial position of the Defendant, and the substantial benefits provided to the Settlement Class by the settlement described herein. Plaintiff and Class Counsel are satisfied that the terms and conditions of this Stipulation of Settlement are fair, reasonable, and adequate, due to the likelihood that continued litigation (either through this Lawsuit or in multiple suits by members of the Settlement Class) will be protracted and expensive, and due to the risks and difficulties associated with establishing any right to recover on the part of the Settlement Class or in defending aspects of this class action on appeal;

WHEREAS, all parties desire to settle this Lawsuit; and

WHEREAS, Class Counsel has fully analyzed and evaluated the merits of all Parties' contentions and this settlement as it impacts upon all Parties, including the individual members of the Settlement Class, Plaintiff and Class Counsel, after taking into account the foregoing along with the substantial risks of continued

3

litigation and the likelihood that this Lawsuit, if not settled now, will be protracted and expensive, is satisfied that the terms and conditions of this Stipulation of Settlement are fair, reasonable, and equitable, and that a settlement of this Lawsuit is in the best interests of the Settlement Class.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, the Plaintiff, on behalf of itself and the Settlement Class, and the Defendant, and through its undersigned counsel, agree to the settlement of this Lawsuit, subject to Court approval, under the following terms and conditions:

## I. DEFINITIONS

1.01. "Lawsuit" refers to the above-styled class action pending in the United States District Court for the Northern District of Alabama, Southern Division in Birmingham, Alabama.

1.02. "Agreement" or "Settlement Agreement" means this Stipulation of Settlement.

1.03. "Class Counsel" means Samuel M. Hill, of The Law Offices of Sam Hill, LLC.

1.04. "Class Period" means the time period between December 15, 2011 through November 6, 2013.

1.05. "Common Fund" means the entire fund established by the terms of this Stipulation of Settlement. On the Effective Date, the Defendant will create the fund by depositing with the Claims Administrator monies in the amount of $250,000.00.

1.06. "Counsel for Case Funding" or "Defense Counsel" means Jay Ezell and the law firm of Starnes Davis Florie LLP, and Andrew Gordon and the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP.

1.07. "Court" means the United States District Court for the Northern District of Alabama, Southern Division.

1.08. "Defendant" means Case Funding Inc. Such term, for the purpose of Section V, also includes Case Funding's predecessors and successors, and its present and former parents (including Chesswood Group Limited), subsidiaries, sisters, affiliates, insurers, reinsurers, instrumentalities, dealers, agents, assigners, assignees, transferors, transferees, directors, officers, employees, servants, loaned agents, loaned servants, servicers and servicing agents, attorneys, and any person, firm, corporation, or other entity of any type or description for whose acts or omissions Case Funding may be held liable (including any entity that could claim against Case Funding under a theory of contribution or indemnification).

1.09. "Effective Date" shall mean the later of: (i) if no objections or interventions are made at the Fairness Hearing, five (5) days after entry of the Final

Judgment; or (ii) if objections or interventions are made at the Fairness Hearing, but no appeal is taken, then the thirty first (31st) day after entry of the Final Judgment; or (iii) if an appeal is taken or review is sought from the Final Judgment, the tenth (10th) business day after the date that such Final Judgment becomes final with no right of subsequent appeal therefrom.

1.10. "Final Approval" of this Stipulation of Settlement means the last date by which all of the following have occurred:

(a)     Final Judgment is entered approving this Stipulation of Settlement and dismissing all claims against the Defendant with prejudice; and,

(b)     The Court has made its final award of attorney's fees and costs, whatever award that may be in the Court's discretion.

1.11   "Final Hearing" means that hearing to be set by the Court to determine whether the proposed settlement is fair, reasonable and adequate.

1.12. "Parties" means (1) Forstman & Cutchen, (2) the Settlement Class, and, (3) the Defendant.

1.13. "Plaintiff" means Forstman & Cutchen and the Settlement Class.

1.14. "Preliminary Approval" of this Stipulation of Settlement shall mean that the Court has preliminarily approved the terms and conditions of this Stipulation of Settlement, including the manner of providing notice to the Settlement Class.

6

1.15.  "Settlement Class," for purposes of this settlement, means:

> All persons, natural or otherwise, throughout the State of Alabama and the United States, to whom Defendant sent, or caused to be sent, from, upon information and belief, December 15, 2011 through and including November 6, 2013, one or more facsimile transmissions with content substantially similar to that contained in Exhibit A.

> Excluded from this class are any persons, natural or otherwise, to whom Defendant sent, or caused to be sent, any facsimile transmissions with content substantially similar to that contained in the attached Exhibit A, but which contained an Opt-Out Notice fully compliant with *47 C.F.R. 64.1200(a)(3)(iii) and (iv)*.

1.16.  "Settlement Fund" means the Common Fund, minus payments made or allowed for attorneys fees, expenses, and costs and paid to Class Counsel.

1.17.  "Claims Administrator" means Steve Tilghman, the third-party administrator of the settlement provided for herein.

1.18.  "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C.A. § 227 *et seq.*, and 47 C.F.R. 64.1 *et seq.*

1.19  As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof as the case may be.

## II. TERMS OF SETTLEMENT

2.01.  For the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that a Settlement Class shall be certified in

accordance with the definition of the "Settlement Class" hereof and substantially in the form of Exhibit D, and that the named Plaintiff, Forstman & Cutchen, shall be the Settlement Class representative and its counsel of record, Samuel M. Hill and The Law Offices of Sam Hill, LLC, shall be appointed as Class Counsel for the Settlement Class.

2.02. The certification of the Settlement Class shall be binding only with respect to this settlement and this Stipulation of Settlement. In the event this Stipulation of Settlement is not approved by the court for any reason or is otherwise terminated for any reason (1) this Stipulation of Settlement becomes null and void, (2) such class certification becomes null and void, (3) this Lawsuit shall revert to its status held prior to the parties entering into such Stipulation of Settlement, and (4) the stipulation to class certification for settlement purposes shall not prejudice or be used to the detriment of any party.

2.03. Case Funding acknowledges that this action has been a substantial factor in causing it to review its faxing practices in an effort to ensure full compliance with the TCPA. By making this acknowledgement, Case Funding does not admit or in any way suggest that its prior practices violated the TCPA. Nevertheless, Defendant agrees to refrain from using facsimile advertising that contains non-compliant opt-out language under the TCPA.

8

2.04. If this settlement is approved by the Court, and subject to the limitations discussed elsewhere, any Settlement Class member who completes and returns a claim form will be entitled to a cash payment of up to $100.00.

2.05. The Parties understand and agree that Class Counsel shall make application to the Court for an award of attorney fees, costs, and expenses from the Common Fund. The terms and conditions of this Stipulation of Settlement are in no way contingent upon the Court's award of attorney fees and costs, whatever that award may be. The attorney fees and costs awarded by the Court shall be paid to Class Counsel by a check from the Common Fund and made out to The Law Offices of Sam Hill, L.L.C. The Defendant will not object to Class Counsel making an application for attorney fees, costs, and expenses in the aggregate amount of up to 40% of the Common Fund.  Such payments shall be made within three (3) days after the Effective Date.

2.06.  All Parties agree to the releases contained in Section V.

### III.  ADMINISTRATION OF THE SETTLEMENT

3.01.  The Settlement Fund will be administered by Steve Tilghman, a third-party administrator who has extensive experience as a class action administrator. Steve Tilghman will be compensated by the Defendant (but in no event shall the costs of the Claims Administrator exceed $10,000).  Class Counsel is entitled to review Steve Tilghman's files, question or discuss administrative matters, and

9

observe Steve Tilghman's actions if so desired. All calculations for any amount due to any individual Settlement Class member will be performed by Steve Tilghman.

3.02. Steve Tilghman's responsibilities as Claims Administrator will include among other things, arranging for notice (substantially in the form of Exhibit B), establishing a website for information (which will include claims forms), receiving and processing claim forms, having discretion and final authority to determine the validity of claims submissions, and sending verification letters (if applicable).

3.03. All claim forms (substantially in the form of Exhibit C) must be fully completed and must be signed. Claim forms will include a warning that Class Administrator shall have every right to verify or dispute the claim form.

3.04. To the extent that Settlement Class members do not return a valid claim form by 30 days after the Final Hearing, they shall not be entitled to recover any restitution, although they will remain a member of the Settlement Class and be bound by the releases in Part V of this Stipulation of Settlement.

3.05. All costs for administering this Stipulation of Settlement, making payments, providing notice to the Settlement Class of the pendency and settlement of this class action, and providing the Claim Form shall be borne by the Defendant

(but in no event shall such costs exceed $10,000). Notice and the claim form shall be provided to the Settlement Class pursuant to the method set forth in Part IV.

3.06. The Claims Administrator shall establish a separate Post Office Box for the return of claim forms (and other correspondence). The Claims Administrator shall also establish a separate bank account to maintain any monies to be paid to claimants and all monies ultimately found to be payable to claimants under this settlement shall be paid to the Claims Administrator and deposited in said bank account.

3.07. Any amount due to any Settlement Class member under the Settlement Agreement will be distributed by checks made payable to individual Settlement Class members, and sent to the address listed on the returned claim form. Any funds represented by checks not cashed within 180 days of issuance shall revert to Defendant. The Claims Administrator may reissue checks to representatives of Settlement Class members within his sole discretion. All funds not expended from the Settlement Fund at the completion of processing any properly presented claim forms shall revert to the Defendant.

3.08. The Claims Administrator shall have complete discretion to determine whether a particular claim form meets the requirements listed in this Stipulation of Settlement, including but not limited to whether such claim forms are signed, whether they are complete, whether documentation is sufficient (if applicable),

11

whether a particular Settlement Class member is entitled to restitution, and the amount due if so entitled, whether a claim form is valid, and the other matters listed within this Stipulation of Settlement as within the Claims Administrator's discretion. The Settlement Administrator's decision on such matters shall be final.

3.09. The Claims Administrator shall inform the Defense Counsel and Class Counsel of all claims forms he receives and provide copies, if requested by either counsel.

3.10. All members of the Settlement Class who properly file a written request for exclusion from the Settlement Class shall be excluded from the Settlement Class, and shall have no rights as members of the Settlement Class pursuant to this Settlement Agreement. A request for exclusion must be in writing, must be signed, and must provide the name, address and phone number of the person seeking exclusion. The request must also state that the person is a member of the Settlement Class and must provide his or her facsimile number or other information sufficient to identify that the person is a member of the Settlement Class. A request for exclusion must be received by Claims Administrator at the addresses provided in the notice, and must be postmarked on or before the date listed in the notice.

3.11. Any member of the Settlement Class who timely objects to the settlement may appear in person or through counsel, at his or her own expense, at

12

the Final Hearing to present any evidence or argument that may be proper and relevant. No member of the Settlement Class shall be heard and no papers, briefs, or pleadings submitted by any such member shall be received and considered by the Court unless, on or before 14 days before the Final Hearing, the Clerk of the Court, Class Counsel, and Defense Counsel receive such member's written and signed objection that includes (a) the name, signature, title, address, telephone number and facsimile numbers; (b) a notice of intention to appear, either in person or through an attorney, with the name, address and telephone number of the attorney, if any, who will appear; (c) certification that the person is a member of the Settlement Class; (d) a statement of each objection asserted; (e) a detailed description of the facts underlying each objection; (f) a detailed description of the legal authorities, if any, supporting each objection; (g) a list of exhibits and/or affidavits the person may offer during the hearing; and (h) a list of all witnesses the person may call to testify at the hearing, along with a summary of each witness's anticipated testimony. Any member of the Settlement Class who fails to object in the manner prescribed herein, or who fails to timely serve counsel as described herein, shall be deemed to have waived his or her objections and forever be barred from making any such objections in the lawsuit or in any other action or proceeding.

## IV.  CLASS SETTLEMENT PROCEDURES

13

4.01. Along with the application for Preliminary Approval of this Settlement, Plaintiff shall apply to the United States District Court for the Northern District of Alabama, Southern Division, for the entry of an Order, substantially in the form attached hereto as Exhibit D (the "Order Certifying a Settlement Class"), certifying the Settlement Class under F.R.C.P. 23(b)(3), appointing named Plaintiff, Forstman & Cutchen, as the Settlement Class representative and appointing its counsel of record as Class Counsel.

4.02. Plaintiff shall move within five (5) days of the signing of this Stipulation of Settlement, for an Order, in the form of Exhibit E, seeking the Court's Preliminary Approval of this Stipulation of Settlement, approving notice to the Settlement Class.

4.03. Subject to the Court's approval, the Parties agree that notice shall be sent to the members of the Settlement Class of the pendency and settlement of this Action. Notice shall be given by facsimile transmission to each Settlement Class member as that member's facsimile number is reflected in the Defendant's files and shall be substantially in the form of Exhibit B.

4.04  Class members must return, as directed, the claim form no later than 30 days after the Final Hearing to be eligible for a payment.

4.05  At or before the Final Approval hearing conducted after the approved notice to the Settlement Class, Plaintiff will request the Court to grant Final

14

Approval to the settlement and enter final judgment in accordance with this Stipulation of Settlement, approving this settlement as final, fair, reasonable, adequate, and binding on all Class Members, awarding attorneys fees and costs to the Class Counsel, and dismissing this proceeding with prejudice.

4.06.   In the event that Final Approval of this Stipulation of Settlement does not occur or if the Final Approval of the Stipulation of Settlement is reversed or modified on appeal, then this Stipulation of Settlement shall become null and void, such Stipulation of Settlement and any orders or notices, and any drafts and discussions regarding this Settlement (written or oral) shall be ineffective and inadmissible in evidence for any purpose in this Action or any other, and such Stipulation of Settlement shall be deemed terminated unless otherwise agreed to in writing by all Parties hereto or their respective counsel.

## V. RELEASES

5.01.   The obligations incurred by the Defendant pursuant to this Stipulation of Settlement shall be a full and final disposition and settlement of all claims, actions, suits, obligations, debts, demands, rights, causes of action, liabilities, controversies, costs, expenses, and attorneys fees whatsoever which are related to facsimiles being sent without compliant opt-out notices under the TCPA, or which have been asserted, or could have been asserted in this Lawsuit.

15

5.02. Upon Final Approval, all members of the Settlement Class shall mutually release and forever discharge the Defendant (as defined in paragraph 1.08 above) from any and all claims, actions, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, known or unknown, of any kind or nature whatsoever, direct or consequential, foreseen or unforeseen, developed or undeveloped, arising under state or federal law, statute, regulation or common law, that the Settlement Class (or their assigns, successors, heirs or agents) have had in the past or now may have against the Defendant (as defined in paragraph 1.08 above), related in any manner to the claims asserted in this Lawsuit or which could have been asserted in this Lawsuit. The Settlement Class (and their assigns, successors, heirs or agents) shall be forever barred from instituting, maintaining or prosecuting against the Defendant any such claim, demand, action, cause of action or liability related to the claims asserted in this Lawsuit or which could have been asserted in this Lawsuit. The Settlement Class and Class Counsel expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. The Settlement Class and Class Counsel explicitly took this uncertainty into account in entering into this Stipulation of Settlement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between the Plaintiff, on behalf of the Settlement Class, and the Defendant with

16

the knowledge of the possibility of such unknown claims, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, the Plaintiff waives any and all rights under existing law against the Defendant relating to the receipt of facsimiles from the Defendant.

5.03.   The Parties shall waive any and all rights (to the extent permitted by state law, federal law, principles of common law, or any other law) which may have the effect of limiting the release described above.   More specifically, the Parties shall waive their right, to the extent permitted by law, to any benefits of the provisions of Section 1542 of the California Civil Code or any other similar state law, federal law, principle of common law or other law, which may have the effect of limiting the release described above.

5.04.   The obligations incurred by the Defendant pursuant to this Stipulation of Settlement shall be a full and final disposition and settlement of all claims, actions, suits, obligations, debts, demands, rights, causes of action, liabilities, controversies, costs, expenses, and attorneys fees whatsoever which have been asserted or could have been asserted in this Lawsuit.

## VI.  MISCELLANEOUS PROVISIONS

6.01. Neither this Stipulation of Settlement nor any document referred to herein nor any action taken to carry out this Stipulation of Settlement is, or may be

construed as, or may be used as, an admission or concession by or against the Defendant on any point of fact or law.

6.02  Defendant denies that it is liable to the Settlement Class in any manner whatsoever and denies all allegations of wrongdoing and asserts that its actions have been lawful and proper in all respects.

6.03.  The failure of any Settlement Class member who may be entitled to restitution under this Agreement to obtain such restitution shall not affect the releases under this Stipulation of Settlement, including, without limitation, the Settlement Class members' claims, and the settlement shall retain its full, binding effect. Efforts as provided in this Stipulation of Settlement to locate Settlement Class members who may be entitled to restitution under this Agreement shall be deemed and determined to be fair and reasonable. As to any Settlement Class member who was not located, or who for any other reason did not receive notice of this Stipulation of Settlement, or who for any reason did not return a claim form, all rights of such Settlement Class member to payment in this Action shall lapse and be forever forfeited, but such person shall be barred by the releases and other provisions of the Stipulation of Settlement. The Defendant shall not be required to pay any additional sums of money to the Court or to Settlement Class members on account of the forfeiture of payments by Settlement Class members.

6.04.  The Parties and their counsel shall use their best efforts to cause the Court to give preliminary approval to this Stipulation of Settlement as promptly as possible, to take all steps contemplated by this Stipulation of Settlement to effectuate the settlement on the stated terms and conditions and to obtain Final Approval of this Stipulation of Settlement.

6.05.  This Stipulation of Settlement shall be governed by the laws of the State of Alabama and the provisions of the TCPA.

6.06.  The terms and conditions set forth in this Stipulation of Settlement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Stipulation of Settlement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Stipulation of Settlement constitutes the complete and exclusive statement of its terms as between the Parties hereto and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding, if any, involving this Stipulation of Settlement.

6.07.  The determination of the terms of, and the drafting of, this Stipulation of Settlement has been by mutual agreement after negotiation, with consideration by and participation of, all Parties hereto.

6.08. This Stipulation of Settlement shall become effective upon its execution by all of the undersigned. The Parties may execute this Stipulation of Settlement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.09. The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Stipulation of Settlement.

6.10. This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties herein and their representative heirs, predecessors, successors and assigns.

6.11. The waiver by one Party of any provision or breach of this Stipulation of Settlement shall not be deemed a waiver of any other provision or breach of this Stipulation of Settlement.

6.12. Any modification of this Stipulation of Settlement must be in writing signed by Class Counsel and Defense Counsel.

6.13. Class Counsel, Defense Counsel and the Parties shall not seek media attention for this settlement. If contacted by the media, they shall respond only by providing a copy of the notice to the class authorized by the Court and the Parties' joint motion for approval of the stipulation of settlement. Other than providing a copy of such notice and motion, the Parties, Class Counsel and Defense Counsel shall respond "no comment" to any media inquiries concerning this settlement.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Stipulation of Settlement to be executed on the dates shown below and agree that it shall take effect on the _24th_ day of April, 2014

AGREED TO AND APPROVED:

Samuel M. Hill
The Law Offices of Sam Hill, LLC
265 Riverchase Parkway East, Suite 202
Birmingham, AL 35244


AGREED TO AND APPROVED:


Jay M. Ezell
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209


AGREED TO AND APPROVED:


Andrew Gordon
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

AGREED TO AND APPROVED:

Keith Forstman
Forstman & Cutchen

STATE OF ALABAMA)
JEFFERSON COUNTY )

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Forstman & Cutchen, by and through Keith Forstman, whose name is signed to the foregoing instrument in various capacities, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily with all power and authority to do so on the day the same bears date.

Given under my hand and official seal this 24th day of _____April_____, 2014.

Notary Public
My Commission Expires: 10/22/15

22

IN WITNESS WHEREOF, the undersigned, being duly authorized, have
caused this Stipulation of Settlement to be executed on the dates shown below and
agree that it shall take effect on the __23__ day of April, 2014

AGREED TO AND APPROVED:


_____
Samuel M. Hill
The Law Offices of Sam Hill, LLC
265 Riverchase Parkway East, Suite 202
Birmingham, AL 35244


AGREED TO AND APPROVED:


_____
Jay M. Ezell
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209


AGREED TO AND APPROVED:
_____
Andrew Gordon
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

AGREED TO AND APPROVED:

Case Funding Inc.
By and through: _Richard Silverstein_
Its: _President_

STATE OF _New York_ )
_New York_ COUNTY )

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that _Richard Silverstein_, is the duly authorized representative for Case Funding Inc. whose name is signed to the foregoing instrument in various capacities, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he/she executed the same voluntarily with all power and authority to do so on the day the same bears date.

Given under my hand and official seal this 3rd day of _April_, 2014.

_____
Notary Public
My Commission Expires:

STEPHANIE M. ADAMS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AD6173827
Qualified in New York County
My Commission Expires September 04, 2018

23

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Stipulation of Settlement to be executed on the dates shown below and agree that it shall take effect on the __23__ day of April, 2014

AGREED TO AND APPROVED:

_____
Samuel M. Hill
The Law Offices of Sam Hill, LLC
265 Riverchase Parkway East, Suite 202
Birmingham, AL 35244

AGREED TO AND APPROVED:

_____
Jay M. Ezell
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209

AGREED TO AND APPROVED:

_____
Andrew Gordon
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

21

AGREED TO AND APPROVED:

Case Funding Inc.
By and through: _Richard Silverstein_
Its: _President_


STATE OF _New York_ )
_New York_ COUNTY )

    I, the undersigned, a Notary Public in and for said County in said State, hereby certify that _Richard Silverstein_, is the duly authorized representative for Case Funding Inc. whose name is signed to the foregoing instrument in various capacities, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he/she executed the same voluntarily with all power and authority to do so on the day the same bears date.

    Given under my hand and official seal this 23rd day of _April_, 2014.


_____
Notary Public
My Commission Expires:

STEPHANIE M. ADAMS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AD6173827
Qualified in New York County
My Commission Expires September 08, 2018

23

AGREED TO AND APPROVED:


_____

Case Funding Inc.
By and through: _____
Its: _____



STATE OF _____ )
_____ COUNTY )

    I, the undersigned, a Notary Public in and for said County in said State, hereby certify that _____, is the duly authorized representative for Case Funding Inc. whose name is signed to the foregoing instrument in various capacities, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he/she executed the same voluntarily with all power and authority to do so on the day the same bears date.

    Given under my hand and official seal this   day of _____, 2014.


_____
Notary Public
My Commission Expires:

# EXHIBIT A

Page 1 of 1

# YOUR ONE STOP LEGAL FINANCE SOLUTION



www.CaseFunding.com

Case Funding is one of the nation's leading legal finance companies and has been providing financing solutions for attorneys for over 10 years. Our clients have won settlements in excess of $2 billion with the assistance of our working capital. We are a founding member of ALFA (American Legal Finance Association) and were recently purchased and recapitalized by The Chesswood Group, a publicly traded company.

Case Funding can tailor a financing program to fit your firm's needs and the needs of your clients. We are seasoned executives who offer discrete professional service, competitive rates and quick turnaround times. Whether you require a small or a large sum, long or short term financing, or you require funding for your client's medical procedure or ordinary living expenses, we are here to help. We are not a middleman. We fund all our cases with our own capital. Please feel free to contact us directly at (855) 392-9233 to discuss your funding needs.

We are a leader in these critical areas of legal finance:



**Medical Procedure Financing** for your clients who don't have medical insurance.   We can assist clients by obtaining and funding the best possible medical attention and, in the process, support your efforts to mount a successful legal action.



**Working Capital Loans** for law firms working primarily on contingency fees and who are shut out from access to traditional financing sources. We provide working capital so you have the resources to more effectively operate your business and invest in your cases.



**Plaintiff Funding** for qualified plaintiffs who need money for their living expenses and who have commenced litigation. We will advance prudently, so they don't have to settle prematurely.

## SOME OF THE ADVANTAGES OF WORKING DIRECTLY WITH CASE FUNDING

* **Credibility:** Case Funding has served the legal community for over 10 years.
* **Case Value:** Working with Case Funding can increase the monetary value of your case.
* **Client Satisfaction:** Your clients get the medical attention they need and deserve.

* **Reliability:** Case Funding is a division of a public company and is a member of ALFA (The American Legal Funding Association) and as such is held to the highest business an ethical standards.
* **Rapid Funding:** Our underwriters will typically render a decision in 24-48 hours.

## CALL (855) 392-9233 FOR A FREE CONSULTATION WITH A CASE FUNDING ATTORNEY

To opt out of receiving further faxes from Case Funding please call (646) 204 - 4201 and provide your fax number.

Best Regards,

Ken Brody
CEO, Case Funding, Inc

Best Regards,

Richard Silverstein
President, Case Funding, Inc


Chesswood
Group Limited

# EXHIBIT B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: ALL PERSONS, NATURAL OR OTHERWISE, THROUGHOUT THE STATE OF ALABAMA AND THE UNITED STATES, TO WHOM DEFENDANT SENT, OR CAUSED TO BE SENT, FROM DECEMBER 15, 2011 THROUGH AND INCLUDING NOVEMBER 6, 2013, ONE OR MORE FACSIMILE TRANSMISSIONS WITH CONTENT SUBSTANTIALLY SIMILAR TO THAT CONTAINED IN EXHIBIT A.

THIS NOTICE IS NOT DIRECTED TO THE FOLLOWING PERSONS: ANY PERSONS, NATURAL OR OTHERWISE, TO WHOM DEFENDANT SENT, OR CAUSED TO BE SENT, ANY FACSIMILE TRANSMISSIONS WITH CONTENT SUBSTANTIALLY SIMILAR TO THAT CONTAINED IN THE ATTACHED EXHIBIT A, BUT WHICH CONTAINED AN OPT-OUT NOTICE  FULLY COMPLIANT WITH *47 C.F.R. 64.1200(A)(3)(III) AND (IV)*.

**IF YOU FALL WITHIN THE CLASS OF PERSONS TO WHOM THIS NOTICE IS DIRECTED ("CLASS MEMBERS"), READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT.** A proposed settlement has been reached regarding claims against Case Funding Inc. The claims in this lawsuit are that Case Funding sent unsolicited facsimiles (directly or indirectly) from December 15, 2011 through November 6, 2013, like that in Exhibit A. This notice briefly summarizes the claims and status of the suit and the terms of the proposed settlement. This notice also describes what you can do to object to or exclude yourself from the proposed settlement, if you so choose.

## The Lawsuit

A lawsuit entitled <u>Forstman & Cutchen v. Case Funding Inc.</u>, Case No. 2:13-cv-2206-AKK (the "Lawsuit"), has been filed and is now pending in the United States District Court for the Northern District of Alabama, Southern Division (the "Court"). The suit alleges, among other things, that the Defendant sent facsimiles (either directly or indirectly) from December 15, 2011 through November 6, 2013 that violated the Telephone Consumer Protection Act, 47 U.S.C.A. § 225 *et seq.* and 47 C.F.R. 64.1 *et seq.*, in that the facsimiles had non-compliant opt-out notices. Defendant denies that it has committed any wrongful act.

## Class Action Ruling

For purposes of settlement only, the Court tentatively has ruled that the Lawsuit shall be maintained as a settlement class action brought by the named Plaintiff, individually and on behalf of the Class Members, seeking restitution, attorney's fees, and costs. The Court's ruling rests on its findings and determination that: the Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to all Class Members; the claims and defenses of the named Plaintiff are typical of the claims and defenses of the Class Members; the named Plaintiff is an appropriate class representative and can fairly and adequately represent the interests of the class; and that Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final relief with respect to the class as a whole. The Court further has ruled that Samuel M. Hill (hereinafter referred to as "Class Counsel") is competent and capable of representing the interests of the class and is designated as counsel for the class.

The approval by the Court of the Lawsuit as a settlement class action does not mean that the named Plaintiff, or any of the Class Members, are entitled to recover the requested relief, nor does it mean that the named Plaintiff would be successful in this litigation. The ruling simply means that the ultimate outcome of this lawsuit will apply in like manner to the named Plaintiff and the Class Members and each will be bound by the outcome of this class action (unless the Court decertifies this class action before Final Judgment or a court on appeal decertifies this class action, or unless the proposed settlement, for whatever reason, does not become final). For the purposes of settlement only, Defendant has consented to treatment of this suit as a class action; Defendant has expressly reserved the right to object to class action status if the proposed settlement fails for any reason.

# Proposed Settlement

The named Plaintiff, individually and on behalf of the Class Members, and Defendant have entered into and filed with the Court a proposed Stipulation of Settlement ("Settlement Agreement"). Under the express terms of the Settlement Agreement, Defendant denies any liability or any wrongdoing of any kind whatsoever and specifically denies each substantive allegation in the Lawsuit and affirmatively asserts that its actions have been consistent with, and in compliance with, all applicable state and federal laws at all times relevant to this lawsuit, including but not limited to the Telephone Consumer Protection Act of 1991 ("TCPA"). Nevertheless, to avoid further expense, burdensome and protracted litigation, and to forever put to rest and to purchase peace from all claims of the named Plaintiff or any Class Member, including but not limited to, all claims which were alleged or which could have been alleged in this Lawsuit, or in any action in state or federal court, directly or indirectly, by cross-claim, by third-party claim, or otherwise, arising out of or related in any way to the receipt of facsimiles with noncompliant opt-out notices from December 15, 2011 through November 6, 2013, Defendant agrees to the following settlement terms:

# Restitution

Subject to the limitations discussed below, any Class Members who complete and return a claim form will be entitled to cash payment of up to $100.00. All claim forms must be fully completed and must be signed under oath and notarized.

# Attorney Fees

Attorney fees and litigation costs and expenses shall be awarded in the discretion of the Court in an amount pursuant to the guidelines and principles set forth under federal rules. Defendant has agreed not to oppose an award of such attorneys fees, costs and expenses in an amount not to exceed 40% of the common fund, plus expenses and costs.

# Administration of Settlement

The settlement will be administered by a third-party administrator ("Settlement Administrator"). All calculations for any amount due to any individual Class Member as restitution will be performed by the Settlement Administrator. Any amount due to any Class Member as restitution, under the Settlement Agreement, will be distributed by checks made payable to individual Class Members, and sent to the address listed on the returned Claim Form.

# Claim Form and Warning

**CLASS MEMBERS ENTITLED TO RESTITUTION UNDER THE SETTLEMENT AGREEMENT WILL NOT RECEIVE ANY PAYMENT UNLESS THE CLAIM FORM IS COMPLETED AND RETURNED (THAT IS, RECEIVED BY THE SETTLEMENT ADMINISTRATOR) NOT LATER THAN 30 DAYS AFTER FINAL JUDGMENT.** Any checks for restitution not cashed within 180 days from the distribution date shall revert to Defendant. The Claim Form also serves as a release to enable the Settlement Administrator, and the parties or their attorneys to obtain information from any source needed to finalize the proposed settlement and verify the claim.

By submitting the enclosed Claim Form, and declaring yourself (or the person on whose behalf you submit the Claim Form) eligible to receive restitution under the Settlement Agreement, you are representing, subject to criminal laws, that you or the person you represent meet all requirements necessary to receive such restitution.

# Release of Claims

**Under the proposed settlement, all Class Members will be bound by any judgment entered by the Court. All claims of the class against Defendant, as defined in the Settlement Agreement, relating in any way to the allegations of the Lawsuit will be released, as provided for in the Settlement Agreement, and Class Members will be forever barred from seeking further relief on any of these claims. Upon Court approval of the settlement, a Final Judgment shall be entered dismissing with prejudice and fully and finally settling this suit as to all Class Members.**

The failure of any Class Member to return the Claim Form or to otherwise claim any settlement benefit provided for in the Settlement Agreement shall not affect the releases under the Settlement Agreement

# The Court Hearing and How To Object To or Opt-Out of the Settlement

On _____ at _____.m., the Honorable Abdul K. Kallon, United States District Court Judge for the Northern District of Alabama, Southern Division, will conduct a hearing on whether the proposed settlement should be approved as fair, reasonable and adequate. The hearing will be conducted at the Hugo Black United States Courthouse. The hearing may be adjourned from time to time by the Court at the hearing or at any adjourned session thereof without further notice to you.

If you are a member of the class you have the right to show cause, if you have any, why the proposed class should not be certified under Federal Rule of Civil Procedure 23(b)(3) or why the proposed settlement is unfair, inadequate, unreasonable or improper in any way by filing any objections you might have to any aspect of the proposed settlement. If you wish to exercise your right to object, you must make an appearance by mailing a written statement of your objections, along with a statement as to whether you wish to appear at the Settlement Hearing, either in person or through your counsel, to:

> Sharon Harris, Clerk
> United States District Court for the Northern District of Alabama
> Hugo Black United States Courthouse
> 1729 5th Avenue North
> Birmingham, AL 35203

Your written objections to the settlement and/or notice of your intent to appear at the hearing must be filed with the Clerk of the Court no later than fourteen (14) calendar days before the hearing. You must also mail a copy of your written statement of objections and intention to appear to:

> Samuel M. Hill
> The Law Offices of Sam Hill, LLC
> 265 Riverchase Parkway East, Suite 202
> Birmingham, AL 35244

> Jay M. Ezell
> STARNES DAVIS FLORIE LLP
> 100 Brookwood Place, Seventh Floor
> Birmingham, AL 35209

> Andrew Gordon
> PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
> 1285 Avenue of the Americas
> New York, NY 10019-6064

Your written objection must include (a) the name, signature, title, address, telephone number and facsimile numbers; (b) a notice of intention to appear, either in person or through an attorney, with the name, address and telephone number of the attorney, if any, who will appear; (c) certification that the person is a member of the Settlement Class; (d) a statement of each objection asserted; (e) a detailed description of the facts underlying each objection; (f) a detailed description of the legal authorities, if any, supporting each objection; (g) a list of exhibits and/or affidavits the person may offer during the hearing; and (h) a list of all witnesses the person may call to testify at the hearing, along with a summary of each witness's anticipated testimony.

If you are a member of the class you also have the right to opt-out or exclude yourself from the class. If you wish to be excluded from the class you must send written notice stating your desire to be excluded from the class to the Settlement Administrator [INSERT POST OFFICE BOX PROVIDED BY SETTLEMENT ADMINISTRATOR]. Your written notice must post-marked no later than fourteen (14) calendar days before the hearing. The Final Judgment of the Court, whether favorable or not, will include all member of the Settlement class who do not request exclusion.

Any member of the class may appear at the hearing, in person or through an attorney retained at the Class Member's own expense, to support the proposed settlement, object to it, or ask questions about it. DO NOT CALL THE COURT. Any written objections to the settlement will be duly considered by the Court and there is no requirement that such objectors appear personally at the hearing.

You do not have to come to the hearing to receive the benefits of the settlement, but you must return the Claim Form if you are among those Class Members entitled to restitution under the Settlement Agreement (and wish to receive such restitution). If the Court approves this settlement, the distribution date (the date of mailing of checks) of the fund will be three days after the Effective Date. "Effective Date" shall mean the later of: (i) if no objections or interventions are made at the Fairness Hearing, three (3) days after entry of the Final Judgment; or (ii) if objections or interventions are made at the Fairness Hearing, but no appeal is taken, then the thirty first (31st) day after entry of the Final Judgment; or (iii) if an appeal is taken or review is sought from the Final Judgment, the tenth (10th) business day after the date that such Final Judgment becomes final with no right of subsequent appeal therefrom.

## Examination of Papers

This notice is a summary of the settlement and therefore does not include every detail of the settlement. You may inspect the complete Settlement Agreement, the complaint and all other pleadings filed in this suit during the hours of 9:00 a.m. to 4:00 p.m., Monday through Friday, at the office of the Clerk of the United States District Court for the Northern District of Alabama, Southern Division.

DATED this _____ day of _____, 2014.


_____
The Honorable Abdul K. Kallon

# EXHIBIT C

# CLAIM FORM

## *Forstman & Cutchen v. Case Funding*

To be eligible to share in the Settlement Fund, you **MUST COMPLETE AND RETURN THIS CLAIM FORM TO THE SETTLEMENT CLAIMS ADMINISTRATOR,** Tilghman & Co., P.C., Settlement Administration, P.O. Box 11250, Birmingham, AL 35202.  PLEASE NOTE:  The Claims Administrator has the right to verify or dispute your Claim Form.

If you are asking to be **excluded** from the Settlement Class, **DO NOT** submit this Claim Form.

### (PLEASE TYPE OR PRINT LEGIBLY)

**Name/ Mailing Address:**

_____

_____

_____

1.  **Fax number(s) between December 15, 2011 -November 6, 2013**

   (____)_____

   (____)_____

   (____)_____

2.  **Name of person or business in whose name the above fax number(s) were listed ("the subscriber"):**

   _____

   (If a business, insert the business's name; if an individual, insert the individual's name.)

3.  If none of the above fax numbers were listed in your name but you were the named recipient set forth in one or more facsimiles from Case Funding from December 15, 2011 through November 6, 2013, please print your name below.

   _____

**Certification:** I certify under penalty of perjury: a) that the information I provided on this Claim Form is true and correct; b) that I have the authority to provide the information in this Claim Form and to make this claim on behalf of the business or person identified above; and c) I received one or more facsimiles in substantially the same form as attached from Case Funding between December 15, 2011 through November 6, 2013.

_____

**Signature**                                    **Date:**_____

**After completing this Claim Form, mail, fax, or email it to:**

Tilghman & Co., P.C.
Settlement Administration
P.O. Box 11250
Birmingham, AL 35202

3415 Independence Dr., Suite 102
Birmingham, AL 35209

NEED FAX NUMBER  PHONE NUMBER IS 414-1470
NEED EMAIL ADDRESS


**\*\*IMPORTANT Claim Deadline:  Your Completed Claim Form Must Be Received No Later Than _____ ___, 2014**

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **FORSTMAN & CUTCHEN, LLP, on**<br>**behalf of itself and all other entities**<br>**and persons similarly situated,** | ) <br> ) <br> ) <br> ) |
|      **Plaintiffs,** | ) <br> ) |
| **vs.** | )    **Civil Action No. 2:13-cv-2206-AKK** |
| | ) |
| **CASE FUNDING INC., et al.,** | ) <br> ) |
|      **Defendants.** | ) |

## ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS

The parties to this action have entered into a Stipulation of Settlement ("Settlement Agreement") dated as of April 24, 2014. This Court has thoroughly reviewed the Settlement Agreement. GOOD CAUSE APPEARING, THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.    Solely for the purpose of settlement in accordance with the Settlement Agreement, this Court hereby conditionally certifies a Federal Rule of Civil Procedure 23(b)(3) settlement class consisting of all persons, natural or otherwise, throughout the State of Alabama and the United States, to whom Defendant sent, or caused to be sent, from, upon information and belief, December 15, 2011 through and including November 6, 2013, one or more facsimile transmissions with content substantially similar to that contained in Exhibit A.

Excluded from the Settlement Class are any persons, natural or otherwise, to whom Defendant sent, or caused to be sent, any facsimile transmissions with content substantially similar to that contained in the attached Exhibit A, but which contained an Opt-Out Notice  fully compliant with  *47 C.F.R.  64.1200(a)(3)(iii) and (iv)*.

2.     The Court appoints as Class Representative Forstman & Cutchen, LLP, the named Plaintiff in this action, and the Class Counsel shall be counsel of record for the Class Representative:  Samuel M. Hill, of The Law Offices of Sam Hill, LLC.

3.     The above-described Settlement Class is so numerous that joinder of all members is impracticable.  There are questions of law or fact common to the above-described Settlement Class.  The claims of the Class Representative are typical of the claims of the above-described Settlement Class.   The Class Representative will fairly and adequately protect the interests of the Settlement Class.

4.     Class Counsel is competent and capable of representing the interests of the Settlement Class.

5.     For settlement purposes only, the Court finds that common questions predominate and treatment of this matter as a class action is superior to other methods of treatment.  The Court further finds that it is manageable, that the

interests of the members in individually controlling the litigation is small, that the extent and nature of other litigation does not indicate other treatment, and that it is desirable to concentrate this litigation in this forum.

6.    In the event the Settlement Agreement terminates for any reason, (1) the certification of the Settlement Class pursuant to this Order shall be vacated automatically, (2) the Class Representative shall cease to function as representative of the Settlement Class, (3) this action shall revert to its status immediately prior to the execution of the Settlement Agreement, and (4) this Order, the Settlement Agreement, and the Preliminary Approval Order shall become null and void.

7.    As stated in the Preliminary Approval Order, this Court shall hold a final hearing on _____ at _____ __.m., to determine, among other things, by rigorous analysis, whether final class certification shall be granted and whether final approval should be granted.

DATED this _____ day of _____, 2014.


_____
The Honorable Abdul K. Kallon

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FORSTMAN & CUTCHEN, LLP, on behalf of itself and all other entities and persons similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 2:13-cv-2206-AKK** |
| | ) | |
| **CASE FUNDING INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the parties to this action, through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle this action upon the terms and conditions set forth in the Stipulation of Settlement ("Stipulation of Settlement"), dated as of April 24, 2014, which has been submitted to the Court; and,

WHEREAS, this Court, simultaneously with the signing of this Order, has executed an Order Conditionally Certifying a Settlement Class.

NOW, THEREFORE, based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Stipulation of Settlement appears fair, reasonable, and adequate, and that a hearing should be held after notice to the Settlement Class of

1

the proposed settlement to determine if the Stipulation of Settlement and settlement are fair, reasonable, and adequate and if a Settlement Approval Order and Final Judgment should be entered in this action based upon the Stipulation of Settlement,

IT IS HEREBY ORDERED THAT:

I.      This Stipulation of Settlement and the settlement contained therein are preliminarily approved as fair, reasonable, and adequate.

2.      The Court approves Steve Tilghman as the Administrator of the Settlement. As soon as practicable, the Administrator shall provide the Notice of Pendency of Class Action and Proposed Settlement ("Class Notice") to the Settlement Class as set forth in the Stipulation of Settlement. As fully detailed in the Stipulation of Settlement, Steve Tilghman shall provide notice of this Class Action and the settlement thereof by facsimile transmission to each Settlement Class member as directed in Section 4.03 if the Stipulation of Settlement.  The Notice shall be in substantially the form of Exhibit B to the Stipulation of Settlement.

3.      The costs and expenses of printing, preparing and publishing the Class Notice shall be paid by Defendant Case Funding Inc. (hereafter "Case Funding")

4.      A hearing (the "Final Hearing") shall be held _____ at ____.m., as set forth in the Class Notice, to determine whether the proposed settlement of this action is fair, reasonable, and adequate and should be approved.

2

Class Counsel's briefs and supporting papers in support of the proposed settlement, and application for an award of fees and expenses to Class Counsel, shall be filed with the Court no later than three (3) calendar days before the Final Hearing. Any materials Defendants wish to submit relating to the proposed settlement likewise should be submitted at least three (3) calendar days before the Final Hearing. The Final Hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class other than (1) oral notice at such Final Hearing or continuation of the Final Hearing, or (2) written notice to any party who has made any filings with the Court. If such a change in hearing date becomes necessary, it shall be noted on the website established by the Administrator. After the Final Hearing, the Court may enter a Settlement Approval Order and Final Judgment in accordance with the Stipulation of Settlement that will adjudicate the right of all Class members.

5.      Any member of the Settlement Class who objects to approval of the proposed settlement may appear at the Final Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate.

6.      Objections to the settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court only if no later than fourteen (14) calendar days before the Final Hearing, said objector(s)

10.    Any notice of a Class member's desire to be excluded from the Settlement Class must state the name and number of this action. No Settlement Class member shall be entitled to be heard or to opt-out of the Settlement Class unless these requirements are satisfied.

11.    Any Settlement Class member who does not notify the Court of his or her desire to be excluded from the settlement in the manner provided herein shall be deemed to have waived any such right to opt-out by appeal, collateral attack, or otherwise.

12.    The publication of Class Notice as directed in this Order and/or in the Stipulation of Settlement, constitutes the best notice practicable under the circumstances and sufficient notice to all potential members of the Settlement Class. All Settlement Class members, whether they receive notice or not, shall be bound by the judgment.

13.    All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Stipulation of Settlement and this Order. Further, any other action asserting the same, or substantially same, claims in this action shall be stayed.

14.    In the event that the proposed settlement as provided in the Stipulation of Settlement (in its present form) is not approved by the Court (or such

6

settlement is reversed by any Court on appeal), or for any reason the parties fail to obtain a Settlement Approval Order and Final Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms, then the Stipulation of Settlement and all orders entered in connection therewith (including but not limited to the order certifying a settlement class) shall become null and void and of no further force and effect, and shall not be used or referred to for any purposes whatsoever. In such event, the Stipulation of Settlement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who shall be restored to their respective positions as of the date of the execution of the Stipulation of Settlement. Further, all such orders, negotiations, discussions, drafts and any reference to the Stipulation of Settlement shall not be admissible into evidence in this or any other action.

15.     Dates for performance:

    (a)   All publication of such notice to be completed no later than 28 days prior to the Final Hearing.

    (b)   Class Counsel to file and serve their papers in support of settlement and request for attorneys' fees no later than three (3) calendar days before the Final Hearing.

    (c)   Objections to settlement to be filed no later than fourteen (14)

calendar days before the Final Hearing.

(d)   Notice that a Class member desires to be excluded to the Settlement Class shall be filed no later than fourteen (14) calendar days before the Final Hearing.

(e)   Final Approval Hearing to be held _____ at _____ _.m.

(f)   Claim Forms from Settlement Class members shall be actually received by the Settlement Administrator no later than 30 days after the Final Hearing.

DATED this _____ day of _____, 2014.


_____
The Honorable Abdul K. Kalan

8