1.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FORSTMAN & CUTCHEN, LLP, on behalf of itself and all other entities and persons similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. 2:13-cv-2206-AKK ) |
| CASE FUNDING INC., et al., | ) ) |
| Defendants. | ) |

## FINAL JUDGMENT AND ORDER

On May 7, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the Settlement Agreement and settlement of this action and conditionally certifying, for settlement purposes only, a Settlement Class. Docs. 9 and 10.

On July 21, 2014, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. The Fairness Hearing was held before the undersigned at the District Court for the Northern District of Alabama in Birmingham, Alabama. An opportunity to be heard

was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered all papers filed in connection with the fairness hearing, including the "Motion for Fees" and statements made on the record,

**THE COURT HEREBY FINDS AND ORDERS:**

1. This Court has jurisdiction over the Plaintiff, Defendant, members of the Settlement Class, the Claims Administrator, and the claims asserted in this lawsuit.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the settlement and Settlement Agreement, including but not limited to the releases therein, and finds that the settlement and Settlement Agreement are in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. Any objections which were filed, timely or otherwise, have been considered and are overruled for the reasons given by the Court. Therefore, all members of the Settlement Class who have not requested exclusion from the Settlement Class are bound by this Final Judgment and Order.

**Class Certification**

4. The Court finds and concludes, with respect to the Settlement Class, that (a) the members of the Settlement Class are so numerous that joinder of all Settlement

Class members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed representative plaintiff are typical of the claims of the Settlement Class; (d) the proposed representative plaintiff and Settlement Class Counsel have and will fairly and adequately protect the interests of the Class; (e) the questions of law and fact common to members of the proposed Settlement Class predominate over questions affecting only individual members, and a class action is superior to other available methods of fairly and efficiently adjudicating the controversy.  The Court finds that certification of the Settlement Class is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

5.  The provisionally certified Settlement Class is now finally certified, for purposes of effectuating the settlement, pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), as follows:

> All persons, natural or otherwise, throughout the State of Alabama and the United States, to whom Defendant sent, or caused to be sent, from, upon information and belief, December 15, 2011 through and including November 6, 2013, one or more facsimile transmissions with content substantially similar to that contained in Exhibit A of the Plaintiff's Complaint.

6.  In its Preliminary Approval Order, the Court designated Forstman & Cutchen, LLP as representative of the Settlement Class.  The Court hereby affirms that designation.

7. In its Preliminary Approval Order, the Court appointed Samuel Hill as Settlement Class Counsel. The Court hereby affirms that appointment.

8. In its Preliminary Approval Order, the Court appointed Tilghman & Co. as the Claims Administrator. The Court hereby affirms that appointment.

## Class Notice

9. Class Notice was given by facsimile and first class mail where required to class members and on the website in accordance with the Settlement Agreement and with the Court's Preliminary Approval Order. The Class Notice (as described in the Settlement Agreement) complies with the requirements of Federal Rule of Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

10. No objections were filed by Class Members.

11. No person or entity has requested exclusion from the Settlement Class.

## Class Relief

12. The Claims Administrator will distribute the class relief in accordance with the Settlement Agreement.

**<u>Injunction and Release of Claims</u>**

13. Upon entry of this Order, each Settlement Class member, and to the extent the Settlement Class member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each Settlement Class member, by operation of this Order shall have and have remised, released, and forever discharged any and all claims, demands and causes of action, whether currently known or unknown, as alleged in this lawsuit, including those arising from or relating in any way to transmission of facsimiles by Defendant, which any of the foregoing have, may have, or may hereafter have against Defendant, their respective parent, subsidiary and affiliated companies, Defendant's insurers, and the officers, directors, shareholders, owners, members, managers, employees, agents and attorneys of each of them.  Plaintiff and each other Settlement Class member also waive the rights and benefits, if any, conferred by section 1542 of the California Civil Code.  Such release shall not affect or impair the obligations of the Parties under the Settlement Agreement.

14. Plaintiff and each Settlement Class member, and any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each Settlement Class member, are hereby permanently enjoined, as of the date of this Order, from commencing or prosecuting any action arising out of any and all claims and causes of action, whether currently known or unknown, alleged in the lawsuit, including those arising from or relating to the transmission of facsimiles by Defendant, and its parents, subsidiaries or affiliated companies, Defendant's insurers, and the officers, directors, shareholders, owners, members, managers, employees, agents and attorneys of each. Any person or entity who knowingly violates this injunction shall pay the costs and attorney's fees incurred by Defendant, or any of them, as a result of the violation.

### Award of Attorney's Fees, Costs, and Incentive Award

15. The Class Administrator shall pay Settlement Class Counsel the amount of $100,000.00 in accordance with the Settlement Agreement, within five (5) days of the Effective Date. The Court finds this amount to be fair and reasonable, and sufficiently supported.

### Other Provisions

16. The Claims Administrator shall, in consultation with Settlement Class Counsel and Defendant's counsel, administer the settlement in good faith and in accordance with the terms of the Settlement Agreement.

17. This action, including the Complaint, is dismissed with prejudice, subject to the Court's retention of continuing jurisdiction.

18. Notwithstanding the dismissal of the action as provided above, this Court retains continuing jurisdiction over this action, Plaintiff, Defendant, all Settlement Class members and the Claims Administrator to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement of the Settlement Agreement and the resolution of claim disputes.

**DONE** this 21st day of July, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE